UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

CA No. 15-cv-12173-MBB

| | |
|---|---|
| JAMES F. MACKEY, JR.<br>    Plaintiff,<br><br>v.<br><br>Town of Tewksbury, Town of Tewksbury Police Department, Chief of Police Timothy Sheehan, Officer Michael McLaughlin, Officer Marcus McMahon, Sergeant Brian Warren, Detective Patrick Connor, Officer David Duffy, Officer James Ryser, Officer Daniel Kerber, Officer Eric Hanley, Detective Peter Regan, Sergeant Timothy Kelly, Sergeant Chris Coviello, Detective Andrew Richardson, Officer Albert Piccolo, Officer Kimberly O'Keefe, Lieutenant Scott Gaynor, Detective Michael Donovan, Lieutenant Robert Stephens, Officer James Griffin, Officer Paul Nicosia, Officer David Miano, Sergeant Walter Jop, III, Officer James Hollis, Officer Jason McNamara, Officer Robert Bjorkgren, Officer Robert Field, and Officer Alysia Russo<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**<u>DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF PLAINTIFF JAMES F. MACKEY, JR. IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

The Defendants move to strike the Affidavit of the Plaintiff James F. Mackey, Jr. in Support of his Opposition to the Defendants' Motion for Summary Judgment. As grounds, the Defendants state that the Affidavit contains legal conclusions and self-serving and conclusory assertions that are inappropriate for summary judgment.

**I.     The Affidavit Contains Many Self-Serving Conclusory Assertions and Opinions That Are Improper On Summary Judgment.**

"To successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate *specific* facts which establish a genuine issue for trial." *Posadas de Puerto Rico, Inc. v. Radin,* 856 F.2d 399, 401 (1st Cir. 1988). "Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56." *Id.* The same holds true for ultimate or conclusory facts and conclusions of law, and statements not based on personal knowledge. *See* Wright and Miller, *Federal Practice and Procedure* § 2738 (ultimate or conclusory facts and conclusions of law, as well as statements made on belief or on information and belief, cannot be used on summary judgment motion). The Plaintiff's affidavit contains the following self-serving, conclusory and improper assertions that cannot be used on a summary judgment motion:

**1. Paragraph 2:** The Plaintiff makes the conclusory assertion that the Police Department engaged in "a campaign of harassment and "repeatedly issued baseless criminal charges against" him and "deployed an excessive amount of resources to try to arrest [him] on those charges." This assertion does not belong in the Affidavit.

**2. Paragraph 3:** The Plaintiff makes the conclusory assertion that the police arrested him "despite the fact that there was no court order" telling him to pay the cable bill at the former marital home and he references a Probate Court ruling. He then states he belief that "nonpayment of a cable bill was not a violation of the restraining order." These assertions are self-serving conclusory assertions that do not belong in the Affidavit. Bare assertions and conclusions regarding the affiant's understandings, beliefs and assumptions are unacceptable in a summary judgment affidavit. *See Madsen v. Erwin*, 395 Mass. 715, 721, 481 N.E.2d 1160 (1985).

3. **Paragraph 4:** This paragraph contains hearsay regarding a purported conversation between police officers and Plaintiff's father, and his father's response to that conversation. Such assertions, too, do not belong in the Affidavit.

4. **Paragraph 6:** The Plaintiff characterizes Officer Griffin as trying to "force his way into the house." This conclusory and self-serving assertion has no place in an Affidavit.

5. **Paragraph 7:** The Plaintiff depicts his daughter's response to what he claims was "use of force." These assertions too are wholly conclusory and self-serving and are unacceptable.

6. **Paragraph 8:** This paragraph contains hearsay statements that should be stricken.

7. **Paragraph 9:** The Plaintiff's characterization of the restraining order and suggestion that the officers should not have brought charges against him are self-serving conclusions, which are again inappropriate for inclusion in the Affidavit.

8. **Paragraph 10:** The Plaintiff labels the charges against him as "baseless" and makes the unsupported assertion that he "had not received notice of the hearing." These self-serving legal conclusions must be stricken.

9. **Paragraph 11:** As this paragraph is replete with hearsay regarding conversations with the clerk and Court, it too must be stricken.

10. **Paragraph 16:** The Plaintiff proffers conclusory and self-serving assertions regarding the officers' authority to enter the subject premises that must be stricken.

**III.     Conclusion**

In light of the forgoing, the Defendants request that this Court strike the Affidavit in total given the numerous defects or, at a minimum strike each of the foregoing paragraphs and disregard any reference to, and reliance upon, such paragraphs from the Opposition.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(E) of the Local Rules for the United States District Court for the District of Massachusetts, the Defendants request that they be afforded an opportunity to be heard on this motion.

The Defendants,
By Their Attorneys,

*/s/ Jeremy Silverfine*
Jeremy Silverfine, BBO #542779
BRODY, HARDOON, PERKINS
& KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
jsilverfine@bhpklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Jeremy Silverfine*
Jeremy Silverfine, BBO# 542779

Dated:  2-20-18