UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES F. MACKEY, JR.,
    Plaintiff,


    v.                                 CIVIL ACTION NO.
                                        15-12173-MBB

TOWN OF TEWKSBURY, et al.,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT (DOCKET**
**ENTRY # 82); DEFENDANTS' MOTION TO STRIKE AND/OR DEEM**
**DEFENDANTS' FACTS ADMITTED (DOCKET ENTRY # 91);**
**CROSS-MOTION TO DEEM PLAINTIFF'S STATEMENT**
**OF ADDITIONAL MATERIAL FACTS ADMITTED**
**(DOCKET ENTRY # 93)**

**January 7, 2020**


**BOWLER, U.S.M.J.**

Pending before this court are two motions to strike various
portions of the summary judgment record with respect to a motion
for summary judgment filed by defendants.[1] (Docket Entry ## 82,
91). Defendants filed both motions to strike (Docket Entry ##

---

    [1] Defendants consist of: the Town of Tewksbury; the
Tewksbury Police Department ("TPD"); Tewksbury Police Chief
Timothy Sheehan ("Chief Sheehan"); TPD Officers Michael
McLaughlin ("Officer McLaughlin"), Markus McMahon ("Officer
McMahon"), David Duffy ("Officer Duffy"), James Ryser, Eric
Hanley, Albert Piccolo, Kimberly O'Keefe, James Griffin ("Officer
Griffin"), Paul Nicosia, David Miano, James Hollis ("Officer
Hollis"), Jason McNamara, Robert Bjokgren, Robert Field, and
Alysia Russo ("Officer Russo"); TPD Sergeants Brian Warren,
Daniel Kerber, Chris Coviello, Timothy Kelly, and Walter Jop,
III; TPD Detectives Patrick Connor ("Detective Connor"), Patrick
Regan ("Detective Regan"), Andrew Richardson ("Detective
Richardson"), and Michael Donovan; and TPD Lieutenants Scott
Gaynor and Robert Stephens.

82, 91), which plaintiff James F. Mackey, Jr. ("plaintiff")
opposes (Docket Entry ## 89, 93).  Plaintiff also moves to deem
his LR. 56.1 statement of additional facts admitted.  (Docket
Entry # 93).  The rulings herein apply to the record before this
court on defendants' summary judgment motion (Docket Entry # 74).

I. <u>Motion to Strike Plaintiff's Affidavit</u>

Defendants move to strike plaintiff's 18-paragraph affidavit
(Docket Entry # 81-1) on the basis that it contains legal
conclusions as well as self-serving and conclusory statements.
(Docket Entry # 82).  Defendants also object to certain
paragraphs on the basis that they include hearsay and that
plaintiff lacks personal knowledge.  (Docket Entry # 82).
Defendants provide specific reasons tailored to ten of the 18
paragraphs and additionally seek to strike the affidavit in its
entirety because of "the numerous defects."  (Docket Entry # 82).
Plaintiff, in turn, addresses eight of these ten paragraphs.
(Docket Entry # 89).

DISCUSSION

"[U]nsupported, speculative assertions," and conclusory
statements in an affidavit submitted in opposition to summary
judgment do not create a genuine or a material fact sufficient to
warrant proceeding to trial.  <u>Garmon v. Nat'l R.R. Passenger
Corp.</u>, 844 F.3d 307, 315 (1st Cir. 2016); <u>see</u> <u>Méndez-Aponte v.
Bonilla</u>, 645 F.3d 60, 68 (1st Cir. 2011) ("agree[ing] with the

2

district court that the plaintiffs' . . . statement of contested material facts consist[s], in large part, of speculation and conclusory allegations for which the only evidentiary support is Méndez-Aponte's sworn affidavit, which itself contains conclusory allegations"). Likewise, statements that amount to "mere unsupported characterizations," personal opinions, or "subjective belief[s]" do not create a triable issue. Garcia-Garcia v. Costco Wholesale Corp., 878 F.3d 411, 425 (1st Cir. 2017) (plaintiff "provides no detail and no support other than his subjective belief that he was being discriminated against by Costco"); Quinones v. Buick, 436 F.3d 284, 291 (1st Cir. 2006) ("mere unsupported characterizations" in affidavit "was not evidence creating a triable issue"). For example, affidavit statements reflecting a plaintiff's "subjective speculation," such as that another employee's higher wages resulted from discrimination, are improper. Quinones, 436 F.3d at 290 (discounting plaintiff's affidavit which, "like his deposition testimony, reflects only Quinones' subjective speculation and suspicion that Barnes' greater earnings" resulted "from discrimination"). Similarly, plaintiff's averments that the TPD "engaged in a campaign of harassment against" plaintiff, "repeatedly issued baseless criminal charges against" him, and "deployed an excessive amount of resources to try to arrest [him] on those charges" between 2012 and 2013 (Docket Entry # 81-1, ¶

3

2) amounts to plaintiff's subjective beliefs, personal opinions, and characterizations of the evidence that do not create a triable fact.  Paragraph two is therefore stricken.

A summary judgment affiant must also have personal knowledge for the statements offered.  Fed. R. Civ. P. 56(c)(4); <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 53 (1st Cir. 2000) ("affidavits submitted in opposition to" summary judgment motion that do not provide "specific factual information made on the basis of personal knowledge . . . are insufficient").  In addition, affidavit statements regarding the law and the plaintiff's interpretation of the law are inappropriate.  <u>See Mancini v. City of Providence, by and through Lombardi</u>, 282 F. Supp. 3d 459, 466 (D.R.I. 2017) ("First Circuit . . . consistently reject[s] conclusory affidavits that lack factual specificity and merely parrot the legal conclusions required by the cause of action at the summary judgment stage"); <u>Sarbanis v. Fed. Nat'l Mortg. Assen</u>, No. 17-CV-037-JD, 2017 WL 3822034, at *1 (D.N.H. Aug. 30, 2017) (summary judgment "affidavit must state facts, not legal conclusions").  Simply stated, a plaintiff "may not rely upon [his or] her own interpretation of the law or the legal conclusions [he or] she wishes the Court to draw from the facts at hand."  <u>Siupa v. Astra Tech, Inc.</u>, Civil Action No. 10-10525-LTS, 2013 WL 4854031, at *7 (D. Mass. Sept. 10, 2013) (striking statements in plaintiff's "affidavit regarding what is

4

'required by Massachusetts law,' and whether certain conduct amounts to 'sexual harassment'") (ellipses omitted). Finally, "It 'is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted.'" <u>Garcia-Garcia</u>, 878 F.3d at 428 (internal citation and brackets omitted).

Turning to the remaining paragraphs in numerical order, the statement in paragraph three that the TPD arrested plaintiff for not paying a cable bill "despite the fact that there was no court order telling me to do so" (Docket Entry # 81-1, ¶ 3, sent. 1) constitutes a personal, subjective opinion regarding the lack of support for the arrest. The subsequent statement by plaintiff as to what he said during the drive to the police station, however, is neither hearsay nor a personal opinion. It also provides notice to the police that nonpayment of a cable bill might not violate the restraining order at issue. Plaintiff also has personal knowledge that "[t]he TPD placed [him] in handcuffs outside [his] parents' home . . . ." (Docket Entry # 81-1, ¶ 3, sent. 2). Accordingly, the only portion of paragraph three stricken from the record is the above-quoted language, i.e., "despite the fact that there was no court order telling me to do so." (Docket Entry # 81-1, ¶ 3, sent. 1).

Defendants next object to paragraph four as hearsay. Plaintiff correctly points out that a statement "offered against

5

an opposing party" by plaintiff is not hearsay.  <u>See</u> Fed. R. Evid. 801(d)(2).  In the paragraph, plaintiff attests that he heard "the TPD officers" ask his father "to bring [plaintiff] outside" and state "they did not have a warrant."  (Docket Entry # 81-1, ¶ 4).  The paragraph, however, does not identify the "TPD officers" referenced in the paragraph by name or otherwise provide a basis to ascertain whether one or more of these "TPD officers" is an opposing party such that Fed. R. Evid. 801(d)(2) applies.  Detective Regan's narrative report of the incident notes that Detective Richardson, an opposing party, observed plaintiff go into his father's residence but otherwise only states that "Officers" approached the residence and that plaintiff's father told them "they should get a Search Warrant."  (Docket Entry # 76-22).  The second sentence in paragraph four starting with the word "could" is therefore stricken.[2]  (Docket Entry # 81-1, ¶ 4, sent. 2).  For similar reasons, the third sentence is stricken as hearsay.  (Docket Entry # 81-1, ¶ 4, sent. 3).  With respect to the remaining portion of paragraph four, plaintiff's observation of his father not allowing the officers to enter the house is based on plaintiff's personal knowledge and is not a statement within the meaning of the hearsay rule.  <u>See</u> Fed. R. Evid. 801(a).  Founded upon

_____

[2]  In any event, even considering the statement as part of the summary judgment record, it does not alter the ruling on the summary judgment motion.

plaintiff's observations, the rest of paragraph four remains in the summary judgment record. The same reasoning applies to the second sentence in paragraph eight, which contains double hearsay and is therefore stricken. Hence, even assuming "the TPD" refers to Officer Hollis or Officer Griffin, each an opposing party, the sentence includes Lisa Mackey's statement that plaintiff "had not made the weekly support payment." (Docket Entry # 81-1, ¶ 8, sent. 2). The first and third sentences of paragraph eight, which recount plaintiff's observations and what plaintiff did, remain in the record. (Docket Entry # 81-1, ¶ 8, sent. 1, 3).

The portion of the single sentence in paragraph six that subjectively characterizes Officer Griffin's conduct as trying "to force his way into the house" is stricken as a personal opinion or subjective belief. The remaining portion that plaintiff opened the door and Officer Griffin pushed the door is permissible. See Majahad v. Reich, 915 F. Supp. 499, 502 n.3 (D. Mass. 1996) (denying motion to strike affidavits as "meritless" because "affidavits are almost entirely based on direct personal observations"). Paragraph seven also depicts plaintiff's personal observation that his daughter saw the event and his description of her as "visibly upset," which therefore remains part of the summary judgment record. (Docket Entry # 81-1, ¶ 7). The additional subjective characterization of the reason for his daughter being upset, namely, "by the TPD's use of force" is

stricken as a subjective characterization of the evidence.
(Docket Entry # 81-1, ¶ 7).

The clause at the end of the sentence in paragraph nine is
stricken as a self-serving opinion or a characterization of the
evidence. (Docket Entry # 81-1, ¶ 9). The remaining portion of
the sentence is permissible after striking the word "still."
(Docket Entry # 81-1, ¶ 9). Paragraph ten is not stricken except
for the word "baseless" because, as plaintiff notes, he simply
attests that he did not receive notice of a hearing. (Docket
Entry # 81-1, ¶ 10, sent. 1).

Defendants object to paragraph 11 as hearsay. The first
clause of the first sentence is not stricken whereas the
remaining portion of the sentence beginning with the "the clerk
informed me" is stricken as hearsay. (Docket Entry # 81-1, ¶ 11,
sent. 1). The third sentence is stricken as hearsay. (Docket
Entry # 81-1, ¶ 11, sent. 3). As to the second sentence, the
fact that plaintiff spoke with the clerk and the fact that the
court recalled the default warrants is within plaintiff's
personal knowledge and not hearsay. (Docket Entry # 81-1, ¶ 11,
sent. 2).

Paragraph 16 recounts what plaintiff did; what he said to
TPD officers, i.e., that they did not have permission to enter
the premises; and what he observed, namely, that the officers
stepped inside the premises. (Docket Entry # 81-1, ¶ 16). It

does, however, contain plaintiff's personal characterization of
the officer's action as entering the premises "despite being
told" about the lack of permission.  (Docket Entry # 81-1, ¶ 16,
sent. 2).  Striking the word "despite," the paragraph shall
otherwise remain part of the summary judgment record.

II.  <u>Motion to Strike Plaintiff's Response and Statement</u>

Defendants next move to strike plaintiff's LR. 56.1 response
in its entirety, the cited exhibits, and the statement of
additional facts and/or deem their statement of material facts
admitted as noncompliant with LR. 56.1.  (Docket Entry # 91).
They also submit that even if this court considers plaintiff's
response and additional statement, the plaintiff still fails to
identify a genuine dispute of material fact sufficient to avoid
summary judgment in defendants' favor.  (Docket Entry # 91).  The
latter argument is addressed in the opinion on the summary
judgment motion.

As to the former argument, defendants contend that the 72-
page response to defendants' 22-page LR. 56.1 statement of
material facts ("SOMF") and the 87 exhibits as well as the 90-
page, 496-paragraph statement of additional facts are not
"concise" within the meaning of LR. 56.1.  The filing also fails
to distinguish between general facts and material facts that are
genuinely disputed, according to defendants.  Moreover, the
headings or captions in the statement of additional facts

purportedly show the legal nature of the additional "facts."[3]
More specifically, defendants seek to strike on the basis of
"non-compliance with [Local] Rule 56.1": (1) paragraphs 45 to 78
of the additional statement as legal conclusions rather than
facts; (2) responses two to ten and 23 as conclusory assertions,
legal argument, and immaterial facts, even though labeled
"undisputed"; and (3) responses 12, 13, 15, 17, 19 to 25, 27, 30
to 35, 37, 39 to 44, 46, 47, 50, 53, 55 to 58, 60, 63, 76, 80,
83, 221, and 223 to 232 as conclusory assertions, argument,
immaterial facts, and self-serving characterizations.[4]  (Docket
Entry # 91, p. 4).

     Plaintiff points out that this case necessitates the
additional facts because it spans a three-year period, includes
29 defendants, implicates defendants' state of mind, and involves
multiple witnesses concerning 19 incidents.  (Docket Entry # 93).
Plaintiff submits that LR. 56.1 "is very clear" that defendants'
failure to controvert his statement of additional facts results
in deeming those facts admitted.  (Docket Entry # 93).  In
addition to opposing defendants' motion, plaintiff therefore

_____

     [3]  Plaintiff correctly points out that the captions are not
facts and they merely provide organization to the multitude of
facts.  To the extent defendants seek to strike the captions,
which is not the tenure of defendants' argument, the motion is
allowed.  In ruling on the summary judgment motion, this court
did not consider or rely upon any of the captions.

     [4] Defendants do not identify by number any other paragraphs
in plaintiffs' LR. 56.1 response or additional statement.

moves to deem his additional statement of material facts
admitted.  He points out that LR. 56.1 does not set a page or
paragraph limit and maintains that his responses to defendants'
SOMF and his additional statement of facts are well-organized and
supported with citations to the record.  He further maintains
that defendants omit "key material facts" from their SOMF, which
necessitates more extensive responses and the additional
statement.  (Docket Entry # 93, p. 5).  As an example, plaintiff
identifies facts set out in his response to paragraph 116 of
defendants' SOMF and paragraph 325 in his additional statement as
evidencing that defendants intentionally omitted material facts.
(Docket Entry # 93, pp. 5-6).  Plaintiff additionally maintains
that various exhibits, consisting of Massachusetts General laws
chapter 209A ("chapter 209A") and cases referenced in paragraphs
45 to 78 of his additional statement, are appropriate because of
qualified immunity issues and identical, internal TPD policies.
(Docket Entry # 93, p. 8).

DISCUSSION

District courts "'enjoy broad latitude in'" administering
and enforcing local rules.  NEPSK, Inc. v. Town of Houlton, 283
F.3d 1, 6 (1st Cir. 2002) (internal citation omitted); United
States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989).  As an
anti-ferret rule, LR. 56.1 functions to focus a court's attention
on the facts that are genuinely disputed.  See Cabán Hernández v.

<u>Philip Morris USA, Inc.</u>, 486 F.3d 1, 7 (1st Cir. 2007)

(anti-ferret "rules are designed to function as a means of

'focusing a district court's attention on what is—and what is

not—genuinely controverted'"); <u>accord CMI Capital Market Inv. LLC</u>

<u>v. González-Toro</u>, 520 F.3d 58, 62 (1st Cir. 2008) (purpose of

"rule is to relieve the district court of any responsibility to

ferret through the record to discern whether any material fact is

genuinely in dispute"); <u>Mariani-Colón v. Dep't of Homeland Sec.</u>

<u>ex rel. Chertoff</u>, 511 F.3d 216, 219 (1st Cir. 2007).[5]  The rule

is designed "to reduce the burden on trial courts and 'prevent

parties from unfairly shifting the burdens of litigation to the

court.'"  <u>Advanced Flexible Circuits, Inc. v. GE Sensing &</u>

<u>Inspection Techs. GmbH</u>, 781 F.3d 510, 520-21 (1st Cir. 2015)

(interpreting District of Puerto Rico local rule) (internal

citation omitted).

In pertinent part, the rule requires the party opposing

summary judgment to:

> include a concise statement of the material facts of record
> as to which it is contended that there exists a genuine
> issue to be tried, with page references to affidavits,
> depositions and other documentation . . . Material facts of
> record set forth in the statement required to be served by
> the moving party will be deemed for purposes of the motion
> to be admitted by the opposing parties unless controverted

---

[5]  It is worth noting that <u>Mariani-Colón</u> as well as <u>Cabán</u>
<u>Hernández</u> interpret the stricter anti-ferret rule in Puerto Rico
rather than the more forgiving Massachusetts local rule.  <u>See</u>
<u>Mariani-Colón</u>, 511 F.3d at 219; <u>Cabán Hernández</u>, 486 F.3d at 6-7;
<u>cf.</u> <u>McGrath v. Tavares</u>, 757 F.3d 20, 26 n.10 (1st Cir. 2014).

by the statement required to be served by opposing parties. Unless the court orders otherwise, the moving party may file a reply within 14 days after the response is served.

LR. 56.1. The language deems admitted those facts in defendants' SOMF that plaintiff's LR. 56.1 response do not controvert. See Cochran v. Quest Software, Inc., 328 F.3d 1, 12 (1st Cir. 2003) (plaintiff's failure to contest date in LR. 56.1 statement of material facts caused date to be admitted on summary judgment); Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (citing LR. 56.1 and deeming admitted undisputed material facts that plaintiff failed to controvert).

As to plaintiff's argument and cross-motion to deem admitted the facts in the additional statement (Docket Entry # 93), the plain language of LR. 56.1 makes no mention of deeming the facts in the non-moving party's statement of additional facts admitted if the moving party fails to controvert them. Furthermore, the rule does not require the moving party to file a response to the non-moving party's statement of additional facts. Rather, the rule simply states that "the moving party *may* file a reply" unless the court orders otherwise. LR. 56.1 (emphasis added). The rule's silence with respect to deeming paragraphs in the non-moving party's response admitted if not controverted contrasts with the language deeming material facts in the moving party's statement "admitted by opposing parties unless controverted." LR. 56.1. The inclusion of the deemed-admitted language for

13

defendants' LR. 56.1 statement and the exclusion of such language
with respect to plaintiff's additional statement supports the
conclusion that the omission was intentional. See In re PHC,
Inc. S'holder Litig., 894 F.3d 419, 432 (1st Cir. 2018) (quoting
Citizens Awareness Network, Inc. v. United States, 391 F.3d 338,
346 (1st Cir. 2004), in parenthetical that "'use of differential
language in various sections of the same statute is presumed to
be intentional and deserves interpretive weight'"), *cert. denied*,
139 S.Ct. 489 (Nov. 13, 2018). The language of the rule thus
evidences the drafters' intent not to deem admitted the facts in
the non-moving party's additional statement admitted if not
controverted in a reply by the moving party. Together with the
absence of language in the rule to warrant a contrary conclusion,
plaintiff's argument does not provide a basis to deem the facts
in plaintiff's additional statement admitted. Rather, the
additional statement simply provides a means for plaintiff to
identify purported disputes in the record which, based on the
cited exhibit itself, may give rise to a genuinely disputed
material fact.

Defendants maintain that the responses and the additional
statement are not concise within the meaning of LR. 56.1. The
responses and additional statement run counter to the purpose of
the rule, according to defendants. (Docket Entry # 91). More
globally, they seek to strike plaintiff's entire response, the

additional statement, and the exhibits cited therein because of
"the numerous flaws and deficiencies" in the response and the
additional statement. (Docket Entry # 91). Citing Brown v.
Armstrong, 957 F. Supp. 1293, 1297-98 (D. Mass. 1997), defendants
maintain that their LR. 56.1 statement "should be deemed
unopposed and uncontroverted." (Docket Entry # 91, p. 5).

The design or purpose of LR. 56.1 is to "prevent[] litigants
from shifting the burden of organizing evidence to the district
court." Zimmerman v. Puccio, 613 F.3d 60, 63 (1st Cir. 2010).
As an anti-ferret rule, LR. 56.1 serves to focus the court's
attention on the matters genuinely in dispute. See Cabán
Hernández, 486 F.3d at 7 (anti-ferret "rules are designed to
function as a means of 'focusing a district court's attention on
what is—and what is not—genuinely controverted'") (interpreting
stricter anti-ferret rule in Puerto Rico) (internal citation
omitted).

Here, the length of the responses and the additional
statement as well as the inclusion of a number of immaterial
facts make this court's task more difficult. See Chin v. Garda
CL New England, Inc., Civil Action No. 15-13110-TSH, 2017 WL
3526253, at *2 (D. Mass. Aug. 16, 2017) (noting that "Chin's
statement cannot fairly be characterize[d] as concise and that he
has made the work of the court more difficult as a result"). The
number of defendants, the number of incidents at issue, and the

15

breadth of the summary judgment motion, which extends to all
counts, nevertheless warrant, to a certain extent, an extensive
response and justify a lengthy additional statement.  See Swallow
v. Fetzer Vineyards, 46 F. App'x 636, 638-39 (1st Cir. 2002)
(affirming lower court's striking entire response as not an abuse
of discretion but criticizing court's approach as not "useful for
purposes of the complex factual analysis this case requires")
(unpublished).

     In addition and as discussed below regarding the above-noted
paragraphs defendants specifically identify, a number of
plaintiff's responses to SOMF paragraphs contest the facts stated
in the SOMF paragraph and cite supporting exhibits in the record
in compliance with LR. 56.1.  Various response paragraphs that
defendants do not specifically identify likewise sufficiently
comply with LR. 56.1 on an individual basis and still others
focus this court's attention on the disputed facts by designating
the SOMF paragraph as "undisputed."  Although this court has the
sanctioning authority to deem defendants' entire LR. 56.1
statement admitted, see, e.g., Brown, 957 F. Supp. at 1297-98,
the explicit sanction allowed under LR. 56.1 is to deem the
"[m]aterial facts of record" in defendants' LR. 56.1 statement
admitted "unless controverted" rather than the entire statement
admitted, including facts that the non-moving party's response
controverts with page citations to the record.  LR. 56.1.  Where,

as here, the response and the additional statement are overly
inclusive of immaterial facts and legal argument but only
partially noncompliant, a more precise and targeted approach is
preferable.  See Chin, 2017 WL 3526253, at *2 (declining moving
party's request to strike entire response statement with "200
additional statement of facts" and deem the moving party's
statement admitted because response statement "is not in obvious
noncompliance" and noting that it identifies facts in dispute,
"with page references" even though it is not "concise").
Furthermore, to the extent the responses and additional statement
are not supported in the cited exhibits or set out legal
argument, this court will not rely upon them.[6]  See id.
(declining to deem facts admitted and noting, if "Chin's
individual responses or statements of fact are improper because
they are argumentative, conclusory, or not supported by the cited
evidence, the court will not rely on them").  Exercising this
court's discretion, this court declines to strike the responses,
additional statement, and exhibits thereto in their entirety.
Rather, this court examines on a paragraph-by-paragraph basis the
response paragraphs defendants specifically challenge.

Turning to defendants' argument that paragraphs 45 to 78 of
the additional statement set out legal argument or legal

---

[6]  As discussed below, non-responsive factual commentary is
considered to the extent supported by the cited exhibits.

conclusions, statements regarding the law or legal argument is
not properly a part of an LR. 56.1 statement of additional facts.
See Dukanci v. Ann Inc. Retail, 117 F. Supp. 3d 115, 117 n.2 (D.
Mass. 2015) ("proffered statements fail to comply with Local Rule
56.1 as they . . . consist largely of legal argument"); Matt v.
HSBC Bank USA, 968 F. Supp. 2d 351, 354 n.2 (D. Mass. 2013)
(plaintiff "offered paragraphs of legal argument that have no
place in a party's concise statement of facts"); see also
Neponset Landing Corp. v. Northwest Mut. Life Ins. Co., 902 F.
Supp. 2d 149, 153 (D. Mass. 2012) (not crediting as facts LR.
56.1 statements that "merely reflect the arguments of counsel").
Paragraphs 45, 47 to 56, 58 to 60, and 65 to 66 in the additional
statement are therefore stricken because they set out statements,
including citations to cases and statutes, regarding the law or
legal argument.  Defendants also seek to strike the exhibits
consisting of case law.  The cited exhibits in these paragraphs,
which consist of cases and statutes (Docket Entry # 81-2, Ex. 19,
20) (Docket Entry # 81-3, Ex. 21-27) (Docket Entry # 81-9, Ex.
84, 85, 87), are not "facts of record" or "affidavits,
depositions and other documentation" within the meaning of LR.
56.1 and are therefore stricken.

     Paragraphs 46, 57, 61 to 64, and 67 to 78 in plaintiff's
additional statement, however, remain in the summary judgment
record.  To elaborate, these paragraphs do not include legal

argument or a legal conclusion and defendants' specific argument
to that effect therefore does not provide a basis to strike these
paragraphs. A number of the challenged paragraphs regarding the
Criminal Law: Massachusetts Police Manual 2011 by John Sofis
Scheft, Esq. ("the Scheft Manual") also cite to deposition
testimony that the TPD kept a copy of the Scheft Manual in the
officer in charge's office and used the manual in training at the
Police Academy. (Docket Entry # 80, pp. 87-88, ¶¶ 67-71) (Docket
Entry # 81-4, pp. 307-308, 486-487).[7] These paragraphs and those
that quote the Scheft Manual are not stricken from the record.
Paragraphs 63 and 64 pertain to defendants' access to legal
material as opposed to a statement of law or argument.

Defendants also object to the inclusion of responses two to
ten and 23 because they add conclusory assertions, argument, and
immaterial facts after the responses identify the paragraph as
"undisputed." First, it is not appropriate to include argument
in a response to a statement of material fact. See Aulisio v.
Baystate Health Sys., Inc., Civil Action No. 11-30027-KPN, 2012
WL 3957985, at *3 (D. Mass. Sept. 7, 2012) (criticizing LR. 56.1
responses because "language oftentimes reads like an argument
that has no place in a concise statement of facts and is
frequently repetitive and non-responsive"); O'Brien v. Town of

---

[7] Page numbers refer to the page numbers in the upper,
right-hand corner of the docketed filing.

Agawam, 440 F. Supp. 2d 3, 5 n.1 (D. Mass. 2006) (disregarding "conclusory statements" and criticizing LR. 56.1 submission that "includes numerous substantive arguments complete with citations to case law and federal regulations"). Responses two, five, six, nine, ten, and 23 are stricken because they contain inappropriate argument which "has no place" in a LR. 56.1 response to a statement of material facts. Aulisio, 2012 WL 3957985, at *3. Second, the additional language in response paragraphs three, four, seven, and eight refers to or incorporates certain paragraphs in plaintiff's statement of additional facts. This court will consider the cited paragraphs in the additional statement only to the extent the cited exhibits support the factual assertions in the paragraphs. See id. at *4 ("[a]s for additional, non-responsive commentary, the court will not strike it but will consider it to the extent it is supported by accurate citations to the record").

Defendants next seek to strike responses 12, 13, 15, 17, 19 to 25, 27, 30 to 35, 37, 39 to 44, 46, 47, 50, 53, 55 to 58, 60, 63, 76, 80, 83, 221, and 223 to 232 because they amount to "legal conclusion[s] or self-serving characterizations," argument, immaterial facts, and/or "conclusory assertion[s]." (Docket Entry # 91, p. 4). Turning to paragraphs 12 and 13 of defendants' SOMF, each originates from opinions in defendants'

expert's report.[8]  Plaintiff's response to each paragraph is

replete with legal argument as opposed to facts.  It also cites

to 72 paragraphs in the additional statement.  The response

paragraphs (Docket Entry # 80, pp. 5-6, ¶¶ 12-13) are stricken as

inappropriate legal argument.[9]  See id. at *3; accord Dukanci,

117 F. Supp. 3d at 117 n.2; Matt, 968 F. Supp. 2d at 354 n.2.

This court will consider the paragraphs in the additional

statement that are not otherwise stricken and the exhibits they

cite that are not otherwise stricken to the extent the non-

stricken exhibits provide support for the factual assertions in

those paragraphs.  See Aulisio, 2012 WL 3957985, at *4 ("[a]s for

additional, non-responsive commentary, the court will not strike

---

[8] Plaintiff's response to paragraphs 12 and 13 improperly
includes a "motion" to strike paragraphs 12 and 13 of defendants'
SOMF.  (Docket Entry # 80, pp. 5-6, ¶¶ 12, 13).  A motion
requires a separate memorandum, citations to legal authority, and
a certification that the movant conferred with opposing counsel.
See LR. 7.1(a), (b).  This is particularly true where, as here,
the LR. 56.1 response consists of 232 paragraphs.  Exercising
this court's discretion, the request to strike defendants' SOMF
paragraphs 12 and 13 (Docket Entry # 80, pp. 5-6, ¶¶ 12, 13) is
denied for failing to comply with the obligations in LR. 7.1.
See LR. 1.3.  The same ruling and reasoning apply to plaintiff's
"motion" to strike in response paragraphs 20, 21, and 23.
(Docket Entry # 80, pp. 10-11, ¶¶ 20, 21).  As an aside, this
court assumes that the reference to "paragraph 12" in the
response to paragraph 13 is a typographical error.  (Docket Entry
# 80, p. 6, ¶ 13).

[9] Paragraphs 12 and 13 of defendants' SOMF, which simply set
out statements by defendants' expert, are therefore admitted by
plaintiff.  This court has considered these statements in
adjudicating the summary judgment motion (Docket Entry # 74),
including defendants' entitlement to qualified immunity.

it but will consider it to the extent it is supported by accurate citations to the record").

With respect to paragraph 15 in defendants' SOMF, plaintiffs' response sets out various excerpts from Pomeroy's deposition testimony. The response to paragraph 15 adequately disputes the corresponding paragraph. This court will consider the additional, non-responsive recitations of defendants' expert's deposition testimony to the extent it accurately recites such testimony. See id. Defendants' additional request to strike the response as a self-serving characterization is denied.

Plaintiff's response to SOMF paragraph 17 sets out legal argument or conclusions and is therefore stricken. Defendants therefore seek to deem SOMF paragraph 17 admitted. In substance, the paragraph states that the remaining non-arrestable chapter 209A violations "may be a criminal matter should the court find the defendant to be in criminal contempt" and "those proceedings are instituted by the court, not by the police." (Docket Entry # 80, p. 8, ¶ 17) (Docket Entry # 76-3, p. 51).[10] Local Rule 56.1 deems admitted "[m]aterial facts" in the moving party's statements that the non-moving party does not controvert in its statement. By its terms, the rule does not deem admitted statements of law in the moving party's statement. LR. 56.1.

---

[10] In violation of LR. 56.1, the paragraph does not cite to a page number for the opinion, which appears on page 31 of the 54-page report.

Paragraph 17 is a statement about the law in Massachusetts.
Indeed, in 1997 the Massachusetts Supreme Judicial Court ("SJC")
clarified that the non-enumerated offenses in chapter 209A,
section seven, "cannot be prosecuted as a statutory offense;
rather, they can be prosecuted as criminal contempt."
Commonwealth v. Delaney, 682 N.E.2d 611, 617 (Mass. 1997).  The
statement of law in SOMF paragraph 17 is therefore not deemed
admitted even though the response thereto is stricken

Turning to SOMF paragraph 19, the second paragraph in
plaintiff's response adequately controverts the paragraph by
citing and setting out a portion of the deposition of Chief
Sheehan.  Inasmuch as the response controverts the paragraph, the
latter is not deemed admitted.  The non-responsive commentary in
the third and fourth paragraphs of plaintiff's response is
considered to the extent supported by the cited deposition.  See
Aulisio, 2012 WL 3957985, at *4 ("[a]s for additional,
non-responsive commentary, the court will not strike it but will
consider it to the extent it is supported by accurate citations
to the record").  The argument in the first paragraph of the
response is stricken from the summary judgment record.  See id.
at *3 (argument "has no place in a concise statement of facts").

As to SOMF paragraph 20, it sets out defendants' expert's
statement that he "'believe[s] the document," presumably
referring to the restraining order, "'is misleading and

confusing" because of its caption.  (Docket Entry # 80, pp. 10-
11, ¶ 20).  The first and third paragraphs in plaintiff's
response set out legal argument and are therefore stricken.  The
remaining portion of the response adequately controverts SOMF
paragraph 20 and is not conclusory.  Defendants' additional
request to strike the response as a self-serving characterization
is denied.

Paragraph 21 sets out a statement by defendants' expert that
"a reader of the 209A document could believe" that a violation is
"punishable by imprisonment[,] a fine[,] or both."  (Docket Entry
# 76, ¶ 21).  The first and second paragraphs of plaintiff's
three-paragraph response (Docket Entry # 80, p. 11, ¶ 21) are
stricken as inappropriate legal argument.  The third paragraph
adequately controverts the SOMF paragraph and therefore remains
in the record.  The response paragraph also cites 87 paragraphs
in plaintiff's additional statement.  To the extent these
paragraphs set out non-responsive commentary and are not
otherwise stricken,[11] this court will consider the assertions
only to the extent supported by the citations to the record.  See
Aulisio, 2012 WL 3957985, at *4.

With respect to SOMF paragraph 22, plaintiff's response does
not dispute that plaintiff's expert made the statement in SOMF

---

[11] The response paragraph cites a number of paragraphs in
plaintiff's additional statement that are already stricken from
the record.

24

paragraph 22.  (Docket Entry # 80, pp. 11-12, ¶ 22).  The second sentence in the second paragraph of response paragraph 22 adequately controverts SOMF paragraph 22.  The sentence also cites to paragraphs in the additional statement, including paragraphs stricken from the record.  To state the obvious, the latter are not considered.  The first sentence in the second paragraph is stricken as legal argument and the remaining portion of the response is considered as non-responsive commentary to the extent supported in the record.  See id.

Plaintiff's responses to paragraphs 24, 25, and 225[12] simply dispute the corresponding paragraphs and controvert those paragraphs by quoting a deposition.  They do not set out self-serving characterizations or legal conclusions.  The responses therefore remain in the record.  The second sentence in plaintiff's response to paragraph 27 in defendants' SOMF is stricken.  The remaining portion of the response will remain part of the record.

Paragraph 30 recites deposition testimony by plaintiff's expert that, "'I'll be honest with you, I'm confused because the Probate said one fifty, this one says seventy-five.'"  (Docket

_____

[12] Plaintiff's response to SOMF paragraph 225 cites to paragraphs in plaintiff's additional statement that duplicate the statements in the response to SOMF paragraph 225.  This court will consider the cited paragraphs in plaintiff's additional statement to the extent supported by facts in the cited portion of the record.

Entry # 76, ¶ 30).  Except for the first sentence of the first
paragraph, the first and second paragraphs of plaintiff's three-
paragraph response as well as the first sentence of paragraph
three (Docket Entry # 80, p. 11, ¶ 21) are stricken as
inappropriate legal argument.  The remaining portion of the third
paragraph adequately controverts SOMF paragraph 30, particularly
the cited testimony of defendants' expert (Docket Entry # 81-4,
pp. 231-232), and therefore remains in the record.  Accordingly,
plaintiff does not admit SOMF paragraph 30 although he does not
dispute that his expert "said those words."  (Docket Entry # 80,
p. 15, ¶ 30).  The sentence also cites to paragraphs in the
additional statement, including paragraphs stricken from the
record.  Here again, the latter are not considered.  To the
extent these paragraphs set out non-responsive commentary and are
not otherwise stricken, this court will consider the assertions
only to the extent supported by the citations to the record.  See
Aulisio, 2012 WL 3957985, at *4.

    Plaintiff's response to SOMF paragraph 31 is stricken as
inappropriate argument and the testimony by Chief Sheehan in SOMF
paragraph 31 admitted by plaintiff.  The first sentence of
plaintiff's response includes inappropriate argument.  The second
sentence is also conclusory and also argument as opposed to
facts.  The sentence additionally fails to comply with LR. 56.1
because it cites 86 paragraphs from plaintiff's additional

statement for a *single* sentence which reads, "Mr. Mackey states that Chief Sheehan should have known about the laws in Massachusetts and it was unreasonable for him and the Defendants under his command to ignore the well-established case law relating to G.L. c. 209A." (Docket Entry # 80, pp. 15-16, ¶ 31).

Turning to SOMF paragraph 32, the second sentence in plaintiff's response adequately responds to the paragraph by citing certain pages of Chief Sheehan's deposition that clarify Chief Sheehan's testimony recited in SOMF paragraph 32. The remaining portion of the response is stricken from the summary judgment record as inappropriate argument. See id. at *3 (argument "has no place in a concise statement of facts").

Plaintiff's responses to paragraphs 33 to 35, 37, 44, 47, 60, 80, 83, 221, and 226 to 232[13] of defendants' SOMF are stricken as setting out inappropriate argument or, to use defendant's terminology, self-serving characterizations of the record. Matt, 968 F. Supp. 2d at 354 n.2 ("paragraphs of legal argument that have no place in a party's concise statement of facts"). To a lesser degree, a number of the responses also contain legal conclusions. Insofar as these responses cite to

---

[13] The recitations of plaintiff's November 7, 2010 written statement in the responses to SOMF paragraphs 226 to 232 are not stricken. They also duplicate or mirror paragraph 11 in plaintiff's additional statement (Docket Entry # 80, p. 75, ¶ 11), which accurately recites the exhibit containing the written statement (Docket Entry # 81-1, p. 20).

paragraphs in plaintiff's additional statement, this court will

consider the cited paragraphs in the additional statement only to

the extent supported by facts in the record cited in these

paragraphs, excluding the paragraphs and exhibits stricken from

the record.[14] See id. As requested by defendants, the

corresponding SOMF paragraphs are admitted provided they

accurately reflect the cited portions of the record.

Plaintiff's responses to paragraphs 39 to 42 of defendants'

SOMF are not stricken because they dispute, in part, the

corresponding paragraph and cite to the record to support the

dispute. Contrary to defendants' arguments, the responses do not

include legal conclusions or self-serving characterizations.

With respect to plaintiff's response to paragraph 43 of

defendants' SOMF, it is neither a legal conclusion nor a self-

serving characterization. Because the response cites various

paragraphs in plaintiff's additional statement, this court will

consider the response only to the extent supported in the record

by the citations in the cited paragraphs in plaintiff's

additional statement. See Aulisio, 2012 WL 3957985, at *4.

As to plaintiff's response to SOMF paragraph 50 (Docket

Entry # 80, pp. 20, 109, ¶¶ 50, 181), the cited exhibits

---

[14] For example, this court considers paragraph seven of the
additional statement, which plaintiff's responses to SOMF
paragraphs 226 to 232 uniformly recite, to the extent supported
by the cited exhibit in paragraph seven (Docket Entry # 81-1, Ex.
5).

sufficiently controvert the paragraph. (Docket Entry # 81-4, p. 94, Ex. 32) (Docket Entry # 81-2, p. 66, Ex. 18). The response (Docket Entry # 80, p. 20, ¶ 50) is therefore not stricken from the record. Turning to SOMF paragraph 53, plaintiff's response reflects that plaintiff does not dispute the paragraph, which recites testimony by Officer McMahon. The additional sentence in the response that Officer McMahon's belief was not "reasonable" or "an accurate reflection of the law in Massachusetts" (Docket Entry # 80, p. 21, ¶ 53) is stricken as argument. The remaining portion is considered to the extent supported by the cited exhibits in the cited paragraphs of the additional statement, excluding the cited exhibits and paragraphs stricken from the record. See Aulisio, 2012 WL 3957985, at *4.

With respect to plaintiff's response to SOMF paragraph 55, the cited testimony of Officer McLaughlin directly and sufficiently controverts the paragraph. (Docket Entry # 80, pp. 21-22, ¶ 55) (Docket Entry # 81-5, pp. 17-18, Ex. 41). As to plaintiff's response to SOMF paragraph 56, the word "unlawfully" in the first sentence of the response (Docket Entry # 80, p. 22, ¶ 56) is stricken as inappropriate argument. The second sentence sufficiently controverts the paragraph and is considered to the extent supported by the cited exhibits in the cited paragraphs of the additional statement.

Turning to plaintiff's response to SOMF paragraph 57 (Docket

Entry # 80, p. 22, ¶ 57), the first sentence is stricken as inappropriate argument.  See id. at *3; accord Dukanci, 117 F. Supp. 3d at 117 n.2; Matt, 968 F. Supp. 2d at 354 n.2.  The remaining two sentences are considered only to the extent supported by the cited exhibits in paragraphs 196 to 198 and 202 of the additional statement.  See Aulisio, 2012 WL 3957985, at *4.  That said, as stated in SOMF paragraph 57, the application for the criminal complaint does have a check next to the probable cause box with initials in a corresponding box for a "clerk/judge."  (Docket Entry # 81-2, Ex. 18, p. 62).

With respect to SOMF paragraph 58, plaintiff's response does not dispute the substance of the paragraph, i.e., that Detective Connor met with Lisa Mackey at the Tewksbury police station on June 8, 2012.  (Docket Entry # 80, p. 22, ¶ 58).  The remaining portion of the response is considered as non-responsive commentary to the extent supported in the record.  See Aulisio, 2012 WL 3957985, at *4.  The first paragraph in plaintiff's response to defendants' SOMF paragraph 63 is stricken as a self-serving argument.  Because the remaining portion cites to paragraphs in plaintiff's additional statement, this court will consider the remaining, non-responsive portion to the extent supported by the citations to the record in the cited paragraphs in the additional statement.  See id.

Addressing plaintiff's response to SOMF paragraph 76,

plaintiff does not dispute that "Officers Duffy and Russo believed there was probable cause that the Plaintiff violated sections A(2) and A(3) of" the restraining order, as stated in the paragraph and in Officer Duffy's narrative report of the June 11, 2012 incident. (Docket Entry # 80, pp. 26-27, ¶ 76) (Docket Entry # 81-5, Ex. 49, pp. 601-602). The second and third sentences of the response are stricken as inappropriate argument. The fourth and fifth sentences set out information included in the narrative report, which remains part of the summary judgment record, and the sixth sentence sets out a related opinion by plaintiff's expert regarding the lack of probable cause for a violation of chapter 209A. All three sentences implicitly question the reasonableness of Officers Duffy and Russo's belief as opposed the fact that Officers Duffy and Russo actually "believed that there was probable cause," which is what SOMF paragraph 76 and the narrative report state. (Docket Entry # 76, ¶ 76) ("Officers Duffy and Russo believed that there was probable cause . . . ."); (Docket Entry # 81-5, p. 601, Ex. 49) ("We have probable cause to believe that [plaintiff] violated both of these two sections . . . ."). Accordingly, this court considers the fourth, fifth, and sixth sentences as non-responsive commentary to the extent supported in the record. See Aulisio, 2012 WL 3957985, at *4.

Turning to plaintiff's response to SOMF paragraph 223, the

31

cited testimony in the third sentence (Docket Entry # 81-4, Ex. 35, pp. 373-374, 377) adequately controverts the paragraph. Accordingly, the response is not stricken from the summary judgment record. The second sentence, which the cited deposition testimony supports (Docket Entry # 81-5, Ex. 41, p. 18), is considered as non-responsive commentary. See id.

With respect to plaintiff's response to SOMF paragraph 224, the cited testimony in the third sentence (Docket Entry # 81-4, Ex. 35, pp. 373-374, 377) likewise adequately controverts the paragraph. The second sentence is stricken as legal argument. See id. at *3. The cited exhibits referenced in the cited paragraphs in the additional statement, which include narrative reports, shall remain in the record.

As a final matter, plaintiff objects to defendants' contention in a footnote that his expert's "opinion is not reliable and beyond the scope of expert testimony" (Docket Entry # 91, n.3) because defendants do not provide any detail or foundation for their position. (Docket Entry # 93). Defendants' two-sentence contention fails to provide any law, detail, or citations to particular opinions made by plaintiff's expert. The contention is not well-developed and, for present purposes *only*, defendants therefore waive an argument seeking to strike plaintiff's LR. 56.1 paragraphs that rely on plaintiff's expert. See Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47,

54 (1st Cir. 2011) ("[a]rguments alluded to but not properly developed before a magistrate judge are deemed waived"); <u>Coons v. Indus. Knife Co., Inc.</u>, 620 F.3d 38, 44 (1st Cir. 2010) ("district court was 'free to disregard' the state law argument that was not developed in Coons's brief"); <u>see also</u> <u>Doe v. Trs. of Bos. Coll.</u>, 892 F.3d 67, 83 n.7 (1st Cir. 2018) (argument raised in footnote "without much elaboration" considered waived); <u>see</u>, <u>e.g.</u>, <u>United States v. Caparotta</u>, 676 F.3d 213, 218 (1st Cir. 2012) ("argument consist[ing] of just two sentences and two cursory citations in his brief . . . is therefore waived").

CONCLUSION

In light of the above rulings, defendants' motion to strike plaintiff's affidavit (Docket Entry # 82) and motion to strike plaintiff's response or deem defendants' facts admitted (Docket Entry # 91) are **ALLOWED** in part and **DENIED** in part. Plaintiff's cross-motion to deem his statement of additional facts admitted (Docket Entry # 93) is **DENIED**.


      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge